**EXHIBIT 1**

RULE 11 EMAIL AND LETTER FROM JUANITA RODRIGUEZ



↩ Reply all | ∨   🗑 Delete   Junk | ∨   •••

Hernandez, et al. v. City of Chicago, et al. Rule 11 Notice as it relates to Defendant Joseph Alesia

Juanita B. Rodriguez <juanita@lawatjbr.com>
Mon 03-25, 5:11 PM
Cass Casper; gia@lawfirm.gs; 'Howard Levine' <Howard.Levine@cityofchicago.org>; 'Jessica Durkin' <Jessica.Durkin@cityofchicago.org>; 'Danielle Kirby' <da...

Inbox

You replied on 2019-03-25 5:34 PM.

Rule 11 Ltr. (3-25-19).pdf
151 KB

≫ Show all 1 attachments (151 KB)   Download

Dear Mr. Casper:

Attached please find correspondence directed to your attention, I look forward to your consideration and response.

Regards,

Juanita Rodriguez

--

Juanita B. Rodriguez
**JBR Law Group, LLC**
Office: 312.461.1005
Mobile: 773.426.6342
Profile: Linked In
Web: www.lawatjbr.com

321 S. Plymouth Court, Suite 1250
Chicago Illinois 60604

NOTICE:
The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

Any tax information or written tax advice contained herein (including any attachments) is not intended to be and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. (The foregoing legend has been affixed pursuant to U.S. Treasury Regulations governing tax practice.)

Getting too much email from Juanita B. Rodriguez <juanita@lawatjbr.com>? You can unsubscribe



March 25, 2019
juanita@lawatjbr.com

**VIA ELECTRONIC MAIL:** ctc@talonlaw.com
Mr. Cass Thomas Casper
Talon Law, LLC
79 West Monroe Street
Chicago, IL 60603

*Re:* *18-cv-7647, Notice of Intent to Seek Sanctions for Violations of Federal*
*Rule of Civil Procedure Rule 11*

Dear Mr. Casper:

As you know, this firm represents Defendant Joseph Alesia in *Hernandez, et. al. v.*
*Helm, et. al.,* Northern District of Illinois Case No.18-CV-7647, in which you are
the lead attorney of record for the Plaintiffs. We are writing to you pursuant to Rule
11 of the Federal Rules of Civil Procedure ("FRCP"), which requires written notice
and otherwise provides an opportunity for mutual resolution prior to filing a motion
pursuant to same.

Based on careful consideration of the pleadings and information reviewed to date,
with respect to our client, we are inclined to file a motion for sanctions pursuant to
Rule 11 if your clients' complaint is not withdrawn against Defendant Alesia. In
your pleadings, in particular the First Amended Complaint filed in the action, there
are various false statements submitted for and advocating improper purposes
against our client in violation of FRCP 11(b)(1). There are numerous factual
contentions that we can easily demonstrate that your clients who have knowledge as
witnesses and participants, would know to be false. Moreover, your allegations of
fact are unsupported and, in fact, contradicted by evidence we know to be in your
possession.

For example, Plaintiffs repeatedly allege in the First Amended Complaint, in
relevant part, that Mr. Alesia has direct control over the distribution of overtime,
equipment assignments, and job assignments. However, the Collective Bargaining
Agreement ("CBA") between the Teamsters Local 700 Union ("Union") and the
Chicago Department of Aviation ("CDA") dictates that Foremen are in charge of
such distribution. Thus, Mr. Alesia as a manager had no control over the
distribution of overtime, equipment, or job assignments as alleged. We also know
by Plaintiffs' own admission that the CBA was read by you and your clients
because the CBA is quoted in paragraph 90 of the First Amended Complaint.

Rule 11 Notice
Mr. Cass Casper
March 25, 2019
Page 2

Another example in Paragraph 20 of the First Amended Complaint states, "[a]t all times relevant [Alesia] has been one of both Plaintiffs' immediate supervisors and responsible for determining the terms, conditions, and benefits of employment of Plaintiffs" and that as such, Alesia has harmed Plaintiffs. This is also blatantly false allegation given the CBA dictates that Foremen serve as the MTD's immediate supervisor and that the CBA inherently dictates, the terms, conditions, and benefits of employment of MTDs. Accordingly, Paragraphs 31, 40-42, 45 and all throughout the pleading where it is indicated that Defendant Alesia was involved with such terms, conditions or benefits are false. We are aware of facts demonstrating the particular knowledge each of you would have with respect to the CBA and the union. Mr. Hernandez, having served as a business agent of the respective union, would be entirely aware of all of these particularities as well as know these allegations are false, especially with respect to Mr. Alesia who has nothing to do with the terms, conditions or benefits complained of. Mr. Alesia has never been the immediate supervisor of either of your clients at any relevant time.

In Count III of the First Amended Complaint, we find false allegations regarding a host of belittling statements allegedly made by a union agent and allowed by Defendants, including our client, therein, you state: "TERMINI took the comment as belittling in nature toward TERMINI and HERNANDEZ as if their *lawsuit* was dumb." (emphasis added). At the time of the pre-disciplinary hearing there was no lawsuit filed, the complaint was not filed until hours after Termini received his notices of suspensions *the day after* the pre-disciplinary hearing.

Further, any references throughout the First Amended Complaint to a "sudden and inexplicable 30-day suspension" are false statements as known to you and your client. Termini was informed he was given three separate suspensions, one for five days, one for ten days, and one for fifteen days, that would not be served concurrently and was provided a specific reason for each. As you must know, Termini even admitted receiving such separate suspensions on air.

Last, by way of example, your client Mr. Hernandez in Count I has falsely claimed that our client Mr. Alesia has made him feel threatened, we have video footage at the relevant times showing Mr. Hernandez attempting to embrace our client and engaging in amicable gestures. Additionally, your client has previously apologized to our client for him being named in this lawsuit and has suggested that he could be released by having counsel contact you. Notwithstanding, that somehow became distorted into allegations sounding in unlawful or threatening behavior by our client.

These statements are just some examples of the misrepresentations and false allegations contained in the First Amended Complaint but fall squarely within what Rule 11 is designed to prevent. Rule 11 also imposes mandatory sanctions for failure to comply with this duty. Because the Rule encourages both courts and litigants to play an active role in deterring litigation abuses, we see it as our responsibility to bring these pleading issues to your attention.

Rule 11 Notice
Mr. Cass Casper
March 25, 2019
Page 3

Further, Plaintiffs and yourself misused the First Amended Complaint to defame and abuse a hard-working citizen by falsely accusing him of misconduct of which he did not engage in and per the CBA, or other practical realities as set forth above and otherwise known to you or your clients, could not have engaged in. Our client is adamant about the reality that he is not politically involved as alleged by your clients and otherwise known to be false as he has no affiliation with any democratic organization, has not supported any political candidates, and does no campaign work. Each and every allegations in this regard alleging that Defendant Alesia required political campaign work is unequivocally false and an intentional misrepresentation. Such ill will as embedded in the numerous allegations throughout the First Amended Complaint without any evidentiary support and otherwise known to be false has no place in civil ligation and allows for the imposition of monetary Rule 11 sanctions.

We respect the courts, their purpose, and all applicable laws as relevant to resolving any valid disputes and likewise do not intend to abuse any process or rules or use this correspondence or a potential motion as such a vehicle. Thus, we have carefully considered the content of this communication with the hopes to mutually resolve these specific issues without further contention or litigation and appropriately anticipate your cooperation and professionalism. Additionally, it is in your interest to retract misrepresentations or false allegations, or any pleadings, which cannot be supported by the evidence known to you at this time bearing your signature pursuant to Rule 11 to avoid applicable sanctions and violation of the Illinois Rules of Professional Conduct.

In closing, Rule 11 affords you 21 days from receipt of this notice to take appropriate remedial measures. We suggest you use that time to conduct a reasonable inquiry into the allegations you have proffered as factual or true and request that you dismiss Defendant Alesia accordingly.

Very truly yours,
**JBR LAW GROUP, LLC**

By: _____

Juanita B. Rodriguez

cc:

Ms. Gianna Rochelle Scatchell gia@lawfirm.gs
Mr. Howard P. Levine howard.levine@cityofchicago.org
Ms. Jessica Ryan Durkin jessica.durkin@cityofchicago.org
Ms. Danielle A. Kirby danielle@lawatjbr.com

P 312 461 1005  F 312 724 9004  |  321 S Plymouth Ct  Ste 1250  Chicago  IL  60606

## EXHIBIT 2

RULE 37 LETTER TO ALL COUNSEL REGARDING DEFICIENT DISCOVERY



*An Experienced Labor and General Practice Law Firm*

Cass T. Casper, Principal Attorney
Phone: (312) 351-2478
Email: ctc@talonlaw.com
www.talonlaw.com

June 29, 2019

**Via Email**
Juanita Rodriguez    juanita@lawatjbr.com
Danielle Kirby       danielle@lawatjbr.com
Howard Levine        howard.levine@cityofchicago.org
Jessica Durkin       jessica.durkin@cityofchicago.org

**RE: Rule 37 Letter Regarding All Defendants Discovery Responses**

Dear Counsels:

As I stated in my email last night, there appears to be great inequality in the discovery process in this case that not only my Clients are concerned about, but that Gia and I are concerned about as officers of the Court. Primarily, it is that our side has been attempting to provide reasonably fulsome discovery responses to you on a timely basis, albeit with the need for some extensions due solely to my own schedule, while that same objective does not appear to be being met on your side. I am certainly not talking about the fact that you might need more time for disclosures which I am always happy to accommodate, but I am rather talking about the fact that your responses are largely objections that provide little to no helpful information. This is really counter to the entire discovery process, which I believe is an opportunity to learn about the other side's case. That process is defeated by rote objections and responses that provide no information. While I believe my Clients have a very strong case and the documents we produced reflect that, let's suppose hypothetically that your side has some bombshell piece of evidence that changes my mind: how would we know about it from your discovery responses to date? The discovery process just shouldn't be working this way.

As you've requested that I identify deficiencies with specifics, I do so now.

**Responses To Requests To Joseph Alesia**

I identify the following Rule 34 responses from Joseph Alesia as deficient: Responses to Requests 1 – 22, each and every one of which states that the request is "unduly burdensome and not proportional to the needs of thee case." While I understand that attorneys often make that objection to preserve it as I sometimes do, your Responses make this objection to each and every request, and then do not even add what is often added, that "without waiving objections, Defendant states/provides XXX." Further, you do not even make an effort to produce any responses even to a limited set of search terms. While I understand that perhaps I have provided a broad set of search terms that we really believe are relevant, we nonetheless provided search

terms as well as limited the searches to specific dates, generally from January 1, 2014 to the present.

I also identify your response to Interrogatories 24 and 25 which merely state that "Alesia may from time to time email other City employees" and that you "can further respond" when search terms are finalized. All due respect, the list of search terms I sent over *was* finalized, and I explained my methodology in our meeting that I was basing it off of potential custodians and language I had seen Helm use in text messages we do have. I've been generous and narrowed that request even further after our ESI conference on 6/21, without waiving any right to insist on the entire list.

I also stated that I would be willing to hold off on Responses from Alesia while the City produces responsive requests. I honor that agreement; however, the federal rules do not allow the parties to skirt responding to written discovery even by agreement. Right now, and I don't like the accusatory tone, but I make it anyway: I do not view your Responses to the Rule 34 requests as in compliance with the federal rules.

This brings me to your Interrogatory Responses. While these are better because at least you state "none" in Response to Interrogatories 1-9, your objection on First Amendment grounds is baseless and not supported by authority. I do not know of any authority that makes the First Amendment a valid basis to object to discovery requests. I'd be happy to examine any if you provide it to me in support of your objections to admissibility.

Interrogatories 11, 13, 14, and 16 refer to the CBA and the foremen as responsible for distributing overtime. I take these as evasive responses. We are asking you to "describe how equipment is distributed," (Request 14), "describe your knowledge of how overtime is approved," (Request 13), and "describe how overtime is distributed" (Request 11). Your blanket reference to the CBA is completely inadequate, and, really, not true. The *CBA* might suggest how overtime is *supposed* to be distributed, but that is not what this case is about. We're saying that overtime is not distributed that way, and, in fact, is distributed on the basis of political favoritism. You only need to look at Plaintiff 31-134 to see that in no way, shape, or form is overtime being "equalized" in any sense. I expect you won't agree with our theory of the case, but a blanket referral to the CBA is non-responsive to these requests. It is even more ridiculous to just say that the Foremen are responsible for overtime distribution and the Airport Managers know little about it. Are you kidding? That's why we're asking you to "describe" how such is distributed, in reality. What's the process for requesting, assigning, documenting, and approving overtime? That would be a good start to a description.

## Responses To Requests To Kevin Martin, Bill Helm, and the City of Chicago

The principal objection here is that these Defendants have not provided any documents short of the CBA. In Rule 34 Requests 1 – 23 to Helm and Martin object, *inter alia*, because you claim Plaintiffs have shown no basis for believing either Defendant has used their cell phones to communicate with Plaintiffs about Plaintiffs' claims. Respectfully, if you review our document production, this is simply false. Helm, in particular, has been using his cell phone and email addresses all the time for the purposes of asking for volunteers. What we have, we believe, is the

tip of the iceberg. Our document production creates far more than a reasonable basis for these requests. While we are less certain of the extent to which Martin has been using his phone and emails for such purposes, we know he has been to some extent. *See Plaintiff 399-404* for examples where Martin is on a text chain with Thome and Helm.

I don't want to have to go to Court on a Motion to Compel as I remain optimistic we can work this out. However, with the deadline to amend pleadings looming at the end of July – and I'm seriously researching if there is a basis in seeking leave to add a huge number of Plaintiffs from the bottom of the overtime list – we need more fulsome responses sooner rather than later. Accordingly, please provide fulsome responses by July 14, 2019. If I do not receive same by that date, I will have to seek assistance of the Court.

## A Note About Your Sanctions Letter

I don't like dabbling in sanctions as a general rule of my practice and out of respect for my fellow practitioners. Howard and I have had a great working relationship, and I really would never move for sanctions, unless I really had to do it for some reason. However, for the very first time in my career, Ms. Rodriguez has sent me a letter threatening *Rule 11* sanctions for frivolous litigation, which is nothing short of shocking. Helm's private lawyers also did so to me earlier in the litigation. However, especially given that you have sent that letter to me, I think there is some extra onus on you to justify having sent it. Your discovery responses being so far short of the mark on the expectations of the federal rules, you have done nothing whatsoever to justify having sent it. Accordingly, if I have to go to Court after July 14, I will consider making this letter another basis of concern as it did have the effect of intimidating my Clients, and it looks like without cause.

Very truly yours,

*/s Cass T. Casper*

Cass T. Casper
(312) 351-2478
ctc@talonlaw.com

cc:
Clients
Gia Scatchell

↩ Reply all | ⌄     🗑 Delete     Junk | ⌄     •••

## Re: Fwd: Hernandez, Rule 34 Responses

CC     **Cass Casper**                                                          ▦  🖶  ↩ Reply all | ⌄
Mon 07-01, 7:24 PM
Juanita B. Rodriguez <juanita@lawatjbr.com>; 'Gianna Scatchell' <gia@lawfirm.gs>; 'Danielle Kirby' <danielle@lawatjbr.com>; 'Howard Levine' <howard.levin ⌵

Sent Items

Alright. Let's pick a week or two in August to start doing depositions, Alesia, Revere, Thome, Dorosz and Plaintiffs. We're pretty open in August and Plaintiffs can be available.

Get Outlook for iOS

**From:** Juanita B. Rodriguez <juanita@lawatjbr.com>
**Sent:** Monday, July 1, 2019 7:09:41 PM
**To:** Cass Casper; 'Gianna Scatchell'; 'Danielle Kirby'; 'Howard Levine'; 'Jessica Durkin'; 'LUIS GONZALEZ'
**Cc:** paralegal@lawatjbr.com
**Subject:** RE: Fwd: Hernandez, Rule 34 Responses

Thank you Cass. We will fully respond to your letter and update any discovery responses or interrogatory answers accordingly.

Best,

Juanita

--



Juanita B. Rodriguez
**JBR Law Group, LLC**
Office: 312.461.1005
Mobile: 773.426.6342
Profile: Linked In
Web: www.lawatjbr.com

321 S. Plymouth Court, Suite 1250
Chicago Illinois 60604

NOTICE:
The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

Any tax information or written tax advice contained herein (including any attachments) is not intended to be and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. (The foregoing legend has been affixed pursuant to U.S. Treasury Regulations governing tax practice.)

**From:** Cass Casper <ctc@talonlaw.com>
**Sent:** Monday, July 1, 2019 7:03 PM
**To:** Juanita B. Rodriguez <juanita@lawatjbr.com>; 'Gianna Scatchell' <gia@lawfirm.gs>; 'Danielle Kirby' <danielle@lawatjbr.com>; 'Howard Levine' <howard.levine@cityofchicago.org>; 'Jessica Durkin' <jessica.durkin@cityofchicago.org>; 'LUIS GONZALEZ' <luis@theonlineclerk.com>
**Cc:** paralegal@lawatjbr.com
**Subject:** Re: Fwd: Hernandez, Rule 34 Responses

Attached you will find the Interrogatory Responses per your request.

Cass T. Casper, Esq.
Talon Law, LLC
79 West Monroe Street, Suite 1213
Chicago, Illinois 60603
Phone: (312) 351-2478
Email: ctc@talonlaw.com
Web: www.talonlaw.com

↩ Reply all | ∨    🗑 Delete    Junk | ∨    •••

information is intended solely for the use of the addressee(s) named. This transmission may be subject to the attorney/client privilege, or be attorney work product. If you are not the designated recipient, or an employee or agent authorized to deliver such transmittals to the designated recipient, you are hereby advised that any disclosure, copying, distribution or use of the contents of this electronic transmission is strictly prohibited. If you have received this transmission in error or are not the intended recipient, we respectfully request that you notify us immediately by replying to sender or by calling us so that we may take the necessary precautions in the future and hereby request that you delete the computer entry and we will arrange for the retrieval of the original documents, if any, at no cost to you.

---

**From:** Juanita B. Rodriguez <juanita@lawatjbr.com>
**Sent:** July 1, 2019 4:25:31 PM
**To:** Cass Casper; 'Gianna Scatchell'; 'Danielle Kirby'; 'Howard Levine'; 'Jessica Durkin'; 'LUIS GONZALEZ'
**Cc:** paralegal@lawatjbr.com
**Subject:** RE: Fwd: Hernandez, Rule 34 Responses

Cass,

Please let us know when we will obtain your clients respective answers to interrogatories. They are overdue so if you still do not have them ready, please state how much time you need so we can likewise progress. We will be responding to your formal correspondence as it relates to our discovery responses to date and claims against our client Mr. Alesia and to ensure compliance with the procedural rules and agreements made among the parties in terms of the relevant scope of discovery. However, for some of the points you are requesting additional information on, my client has no such additional information. That does not make a discovery response insufficient or create an inequitable process as you assert. Notwithstanding, we will be reviewing our discovery in light of your Rule 37 correspondence and addressing any other points therein.

We would appreciate having a response as to when you and your clients will be sending answers to interrogatories.

Regards,

Juanita

---

**From:** Cass Casper <ctc@talonlaw.com>
**Sent:** Saturday, June 29, 2019 10:35 AM
**To:** Juanita B. Rodriguez <juanita@lawatjbr.com>; Gianna Scatchell <gia@lawfirm.gs>; Danielle Kirby <danielle@lawatjbr.com>; Howard Levine <howard.levine@cityofchicago.org>; Jessica Durkin <jessica.durkin@cityofchicago.org>; LUIS GONZALEZ <luis@theonlineclerk.com>
**Subject:** Re: Fwd: Hernandez, Rule 34 Responses

Per your request, I am providing the attached letter explaining in more detail the bases for my objections to all Defendants' written discovery responses to date.

Cass T. Casper, Esq.
Talon Law, LLC
79 West Monroe Street, Suite 1213
Chicago, Illinois 60603
Phone: (312) 351-2478
Email: ctc@talonlaw.com
Web: www.talonlaw.com

CAUTION: This e-mail transmission and any attachments hereto contain information from Talon Law, LLC which is strictly confidential and/or privileged. This information is intended solely for the use of the addressee(s) named. This transmission may be subject to the attorney/client privilege, or be attorney work product. If you are not the designated recipient, or an employee or agent authorized to deliver such transmittals to the designated recipient, you are hereby advised that any disclosure, copying, distribution or use of the contents of this electronic transmission is strictly prohibited. If you have received this transmission in error or are not the intended recipient, we respectfully request that you notify us immediately by replying to sender or by calling us so that we may take the necessary precautions in the future and hereby request that you delete the computer entry and we will arrange for the retrieval of the original documents, if any, at no cost to you.

---

**From:** Juanita B. Rodriguez <juanita@lawatjbr.com>
**Sent:** June 29, 2019 9:17:24 AM
**To:** Cass Casper; Gianna Scatchell; Danielle Kirby; Howard Levine; Jessica Durkin; LUIS GONZALEZ
**Subject:** Re: Fwd: Hernandez, Rule 34 Responses

Good Morning Cass, my associate and I will check next week to see if anything should be supplemented pursuant to a protective order, however, please feel free to identify any specific interrogatories or document requests from my client that you believe have not been appropriately responded to. As far as extensions on discovery I have honored without hesitation all your requests. If you are requesting additional time for interrogatories or particular requests then simply state your request, otherwise if you say that you can get something done by a certain time then we respect your decision likewise. My client is one individual defendant, Joseph Alesia, as you already know.

Have a nice weekend.

Juanita



Juanita B. Rodriguez
**JBR Law Group, LLC**
Office: 312.461.1005

↩ Reply all | ⌄    🗑 Delete    Junk | ⌄    •••

Web: www.lawatjbr.com

321 S. Plymouth Court, Suite 1250
Chicago Illinois 60604

NOTICE:
The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

Any tax information or written tax advice contained herein (including any attachments) is not intended to be and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. (The foregoing legend has been affixed pursuant to U.S. Treasury Regulations governing tax practice.)

Sent from my Sprint Samsung Galaxy S9+. Please excuse any terseness or typos.

-------- Original message --------
From: Cass Casper <ctc@talonlaw.com>
Date: 6/29/19 12:24 AM (GMT-06:00)
To: "Juanita B. Rodriguez" <juanita@lawatjbr.com>, Gianna Scatchell <gia@lawfirm.gs>, Danielle Kirby <danielle@lawatjbr.com>, Howard Levine <howard.levine@cityofchicago.org>, Jessica Durkin <jessica.durkin@cityofchicago.org>, LUIS GONZALEZ <luis@theonlineclerk.com>
Subject: Re: Fwd: Hernandez, Rule 34 Responses

So, I've been looking over the parties' collective discovery requests tonight. What angers me is that Gia and I and Hector and Charles have been stressing out about answering discovery requests from your sides, and there just isn't any reciprocation from your side, except to say that your side will produce information after a confidentiality order is entered and that your side is wanting to delay depositions. And you guys have been giving us a pretty difficult time over the last couple of weeks about responding to discovery, while I am every bit as equally swamped on other work as you guys have been.

So far, you've threatened us with sanctions for representing our clients who are insisting that what we claim has been happening has happened, and provided almost nothing yourselves in discovery, while being demanding all this discovery from us. I think you guys need to do some serious catch up on discovery with our side before you complain further about the status of what we've provided, which is quite substantial.

As stated, we're providing responses to Alesia's Rogs this weekend, but, if there's a discovery deficit here, it's extremely on your sides.

Please consider this a Rule 37 letter on your discovery responses.

Cass T. Casper, Esq.
Talon Law, LLC
79 West Monroe Street, Suite 1213
Chicago, Illinois 60603
Phone: (312) 351-2478
Email: ctc@talonlaw.com
Web: www.talonlaw.com

CAUTION: This e-mail transmission and any attachments hereto contain information from Talon Law, LLC which is strictly confidential and/or privileged. This information is intended solely for the use of the addressee(s) named. This transmission may be subject to the attorney/client privilege, or be attorney work product. If you are not the designated recipient, or an employee or agent authorized to deliver such transmittals to the designated recipient, you are hereby advised that any disclosure, copying, distribution or use of the contents of this electronic transmission is strictly prohibited. If you have received this transmission in error or are not the intended recipient, we respectfully request that you notify us immediately by replying to sender or by calling us so that we may take the necessary precautions in the future and hereby request that you delete the computer entry and we will arrange for the retrieval of the original documents, if any, at no cost to you.

From: Juanita B. Rodriguez <juanita@lawatjbr.com>
Sent: June 28, 2019 8:06:51 PM
To: Gianna Scatchell; Danielle Kirby; Howard Levine; Jessica Durkin; Luis Gonzalez; Cass Casper
Subject: Re: Fwd: Hernandez, Rule 34 Responses

Thank you for your combined efforts, we will review next week and circle back.

Best,

Juanita

Juanita B. Rodriguez
**JBR Law Group, LLC**

↰ Reply all | ∨    🗑 Delete    Junk | ∨    •••

Linked In
Web: www.lawatjbr.com

321 S. Plymouth Court, Suite 1250
Chicago Illinois 60604

NOTICE:
The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

Any tax information or written tax advice contained herein (including any attachments) is not intended to be and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. (The foregoing legend has been affixed pursuant to U.S. Treasury Regulations governing tax practice.)

Sent from my Sprint Samsung Galaxy S9+. Please excuse any terseness or typos.

-------- Original message --------
From: Gianna Scatchell <gia@lawfirm.gs>
Date: 6/28/19 7:06 PM (GMT-06:00)
To: Danielle Kirby <danielle@lawatjbr.com>, "Juanita B. Rodriguez" <juanita@lawatjbr.com>, Howard Levine <Howard.Levine@cityofchicago.org>, Jessica Durkin <jessica.durkin@cityofchicago.org>, Luis Gonzalez <luis@theonlineclerk.com>, "Cass T. Casper Esq." <ctc@talonlaw.com>
Subject: Fwd: Hernandez, Rule 34 Responses

All,

I'm resending Cass' prior Email (06/28/2019 at 7:30 pm CST) from my account because he received some bounce backs. There are 12 attachments.

Thank you,

Gia

---------- Forwarded message ---------
From: **Cass Casper** <ctc@talonlaw.com>
Date: Fri, Jun 28, 2019 at 7:03 PM
Subject: Hernandez, Rule 34 Responses
To: Danielle Kirby <danielle@lawatjbr.com>, Juanita B. Rodriguez <juanita@lawatjbr.com>, Howard Levine <howard.levine@cityofchicago.org>, Jessica Durkin <jessica.durkin@cityofchicago.org>
Cc: Gianna Scatchell <gia@lawfirm.gs>, LUIS GONZALEZ <luis@theonlineclerk.com>

Counsels –

Clients are still reviewing their Interrogatory Responses, however, I want to get you something today and I have therefore attached the Rule 34 Responses and supplemental disclosures. I will have Luis send the subpoenas directly to the medical providers. Clients are also going to produce the requested W-2's and tax returns, but I don't have them today.

The principal objection is to Termini's social media accounts (Hector does not use). We're willing to provide reasonable social media information and to talk about limitations on production, but as written the blanket request is just way too broad and we consider the request objectionable. Please advise if there's something more specific you are looking for within those and we can work on providing such information.

Cass T. Casper, Esq.
Talon Law, LLC
79 West Monroe Street, Suite 1213
Chicago, Illinois 60603
Phone: (312) 351-2478
Email: ctc@talonlaw.com
Web: www.talonlaw.com

CAUTION: This e-mail transmission and any attachments hereto contain information from Talon Law, LLC which is strictly confidential and/or privileged. This information is intended solely for the use of the addressee(s) named. This transmission may be subject to the attorney/client privilege, or be attorney work product. If you are not the designated recipient, or an employee or agent authorized to deliver such transmittals to the designated recipient, you are hereby advised that any disclosure, copying, distribution or use of the contents of this electronic transmission is strictly prohibited. If you have received this transmission in error or are not the intended recipient, we respectfully request that you notify us immediately by replying to sender or by calling us so that we may take the necessary precautions in the future and hereby request that you delete the computer entry and we will arrange for the retrieval of the original documents, if any, at no cost to you.

—

Gianna Scatchell, J.D., LLM
Internet Attorney, Law Offices of Gianna Scatchell



↩ Reply all | ⌄    🗑 Delete    Junk | ⌄    ⋯

www.lawfirm.gs

360 W. Hubbard 1404 Chicago, IL 60654

f in 𝕏



## **EXHIBIT 3**

HERNANDEZ VOICEMAIL, SCREENSHOT, AND EMAIL CHAIN REPORTING IT

↩ Reply all | ∨    🗑 Delete    Junk | ∨    •••

RE: Second Supplemental MIDP Disclosures (Hernandez v. Chicago)

JD    Jessica Drake <JDrake@igchicago.org>
       Wed 07-17, 9:10 AM
       Cass Casper  ⊗                                                          📧  🔖    ↩ Reply all  | ∨

Inbox

      You replied on 2019-07-17 9:11 AM.

Good morning,

What is the phone number of the phone that received this voicemail? And just to be sure, it is a mobile phone owned by Mr. Hernandez?

Thanks for your assistance,
Jessica Drake

**From:** Cass Casper <ctc@talonlaw.com>
**Sent:** Tuesday, July 2, 2019 12:30 PM
**To:** Jessica Drake <JDrake@igchicago.org>; Mark Griffin <mgriffin@igchicago.org>
**Cc:** Howard Levine <howard.levine@cityofchicago.org>; Juanita B. Rodriguez <juanita@lawatjbr.com>; 'Danielle Kirby' <danielle@lawatjbr.com>; Jessica Durkin <jessica.durkin@cityofchicago.org>; Gianna Scatchell <gia@lawfirm.gs>
**Subject:** Fw: Second Supplemental MIDP Disclosures (Hernandez v. Chicago)


Ms. Drake, Mr. Griffin:


Hector Hernandez would like to request that the attached voicemail he received on Friday be investigated by your office and be made a part of the file. Because of the pending litigation I do not know what your office wants to do with it, but he has asked me to report it to you, which we believe is his right despite pending litigation. I have copied the City's attorneys for reference.



Cass T. Casper, Esq.
Talon Law, LLC
79 West Monroe Street, Suite 1213
Chicago, Illinois 60603
Phone: (312) 351-2478
Email: ctc@talonlaw.com
Web: www.talonlaw.com

CAUTION: This e-mail transmission and any attachments hereto contain information from Talon Law, LLC which is strictly confidential and/or privileged. This information is intended solely for the use of the addressee(s) named. This transmission may be subject to the attorney/client privilege, or be attorney work product. If you are not the designated recipient, or an employee or agent authorized to deliver such transmittals to the designated recipient, you are hereby advised that any disclosure, copying, distribution or use of the contents of this electronic transmission is strictly prohibited. If you have received this transmission in error or are not the intended recipient, we respectfully request that you notify us immediately by replying to sender or by calling us so that we may take the necessary precautions in the future and hereby request that you delete the computer entry and we will arrange for the retrieval of the original documents, if any, at no cost to you.



**From:** Cass Casper
**Sent:** July 2, 2019 12:26 PM
**To:** Howard Levine; Jessica Durkin; Juanita B. Rodriguez; 'Danielle Kirby'
**Cc:** Gianna Scatchell
**Subject:** Second Supplemental MIDP Disclosures (Hernandez v. Chicago)


Counsels:  Attached are further documents in Response to Alesia's Interrogatories as well as under MIDP.  I encourage you to listen the voicemail that was left for Hector on Friday as further evidence of harassment/hostile work environment and retaliation.  I will be filing a motion for leave to file a supplemental pleading again based on at least same.



Cass T. Casper, Esq.
Talon Law, LLC
79 West Monroe Street, Suite 1213
Chicago, Illinois 60603
Phone: (312) 351-2478
Email: ctc@talonlaw.com
Web: www.talonlaw.com

Reply all | ∨    Delete    Junk | ∨    •••

information is intended solely for the use of the addressee(s) named. This transmission may be subject to the attorney/client privilege, or be attorney work product. If you are not the designated recipient, or an employee or agent authorized to deliver such transmittals to the designated recipient, you are hereby advised that any disclosure, copying, distribution or use of the contents of this electronic transmission is strictly prohibited. If you have received this transmission in error or are not the intended recipient, we respectfully request that you notify us immediately by replying to sender or by calling us so that we may take the necessary precautions in the future and hereby request that you delete the computer entry and we will arrange for the retrieval of the original documents, if any, at no cost to you.



## **EXHIBIT 4**

TERMINI VEHICLE SERVICES INCIDENT REPORT RECORDING HIM BEING
CALLED A "JAG OFF" BY A COWORKER




**CITY OF CHICAGO**
**DEPARTMENT OF AVIATION**
**CHICAGO O'HARE INTERNATIONAL AIRPORT**
**VEHICLE SERVICES**

DATE: August 13, 2019

TO: CDA VEHICLE SERVICES MANAGEMENT          TITLE: CDA MANAGEMENT STAFF

FROM: CHARLES TERMINI          TITLE: CDA MOTOR TRUCK DRIVER

SUBJECT: VEHICLE SERVICES INCIDENT REPORT

ON AUGUST 9, 2019 @ APPROX. 1545          hours, at    O'Hare AMC BLDG. Near Bulletin Board where Overtime is posted

(location), the following incident transpired:

I was having a conversation with another motor truck driver (RUSS ZIZZO) regarding the overtime list that was posted on the bulletin board

there was another motor truck driver nearby (WILLIAM REMOS), when we were approached by another motor truck driver MICHAEL BERTONI

Who looked at me Eye to Eye and Said to me "YOU ARE A JAGOFF". I was caught very off guard by this action because it was in front of other

people and it was so malicious. When this incident happened WILLIAM REMOS looked at me and shrugged his shoulders in  disbelief

like to say "WHAT IS HIS PROBLEM?" I followed Mr. Bertoni to the Timeclock just around the corner and we had a brief discussion where he

told me that I had all the eyes on the Airport, and I should call the News Again. This was very inappropriate behavior coming from a person I

once considered a friend and had helped on many occasions with technology issues.

Mr. Zizzo and Mr. Remos witnessed the Beginning Vulgar Remarks.

\* Include all names, witnesses, dates, places, vehicle numbers and all related information.

Signatures:

| MTD RUSS ZIZZO | August 9, 2019 | | |
|---|---|---|---|
| Witness | Date | Employee | Date |

| MTD WILLIAM REMOS | August 9, 2019 | | |
|---|---|---|---|
| Witness | Date | Supervisor | Date |

<u>**EXHIBIT 5**</u>

LETTER TO CASS T. CASPER FROM HELM'S PRIVATE LAWYERS ACCUSING OF
FILING A FRIVOLOUS LAWSUIT AND THREATENING LEGAL ACTION



**GOTTREICH GRACE & THOMPSON**
ATTORNEYS AT LAW

311 W. Superior Street, Suite 215
Chicago, IL 60654
312-943-0600
312-368-8220
Fax: 312-943-7133

Sent Via US Mail

December 7, 2018

Talon Law LLC
Cass Casper
79 West Monroe Suite 1213
Chicago, IL 60603

Re:    William Helm v. Hector Hernandez and Charles Termini

Mr. Casper:

Please be advised that my firm represents the interests of Mr. William Helm who your firm has named as a defendant in a federal law suit along with the City of Chicago and other City of Chicago officials. Your clients and you have filed a frivolous lawsuit which I am sure the City of Chicago Corporation Counsel will deal with accordingly, but you and your clients have also gone to the media making defamatory statements. You and your clients know the merits of the suit filed as such know the veracity of the allegations. Based upon his understanding of the situation my client finds the complaint to be without merit. Based upon the statements made by you and your clients, Mr. Helm finds them to be made with malice. Hence, I offer you this safe harbor letter. If you agree to immediately dismiss Mr. Helm from the suit and cease and desist from the slanderous and defamatory comments, we will not prosecute a case for defamation against your clients. This safe harbor letter is not in perpetuity and if you wish to take advantage of this offer, it would need to be acted on immediately. I highly suggest your clients consider it.

If you should have any questions or concerns please feel free to contact me.

Sincerely,

Timothy M. Grace

**<u>EXHIBIT 6</u>**

ANONYMOUS LETTERS RECEIVED AT CASS T. CASPER'S HOME ADDRESS AND
EMAIL TO OIG REPORTING SAME



CASS T CASPER

CASS T CASPER

Last year Dept of Aviation truck drivers, Chris Best, Paulie C., Mario Esposito, Kevin Nugent, and maybe more- Called the Union to file a legitimate grievance against Kevin Martin and William Helm. The next day the all the new trucks were pulled out of the section they were working in. This was 100 % a retaliation. It is done all of the time. According to State, and Federal Labor relations laws and acts. Retaliation against an employee for filing a legitimate grievance is a felony. Sure it is a Personnel beef. But felonies are a guaranteed firing. You are fired for a felony if human Resources complain. This has been the felony charge in you work for the city. No one ever brings up the felony charge in regards to the Labor Relations acts. Time to change that. a 100 times. Time to change that. a 100 times. Or you will loose out Act of bringing up the felony now. Or you will loose out due to statute of limitations right...

GIVE to Termini + Hector

↩ Reply all | ⌄    🗑 Delete    Junk | ⌄    •••

## Anonymous Letters in My Home Mail Today


**Cass Casper**
Thu 2018-12-06, 5:37 PM
mgriffin@igchicago.org ⌄

                                                        🖼 🔺 ↩ Reply all | ⌄

Sent Items



ATT00001.txt
378 bytes        ⌄

♡ Show all 2 attachments (2 MB)    Download all

**Mark:**

I got home tonight and these two anonymous letters were in my mail about the truck driver situation. I sometimes work from my home office so I don't totally care they were sent to me at home, but it is a little disconcerting. They seem to be trying to tip me off about further acts of retaliation, but the last half of the letter is also strange. Don't know if you have thoughts on these or not.

I'll bring these tomorrow and you can examine them.

Cass T. Casper, Esq.
Talon Law, LLC
79 West Monroe Street, Suite 1213
Chicago, Illinois 60603
Phone: (312) 351-2478
Email: ctc@talonlaw.com
Web: www.talonlaw.com

CAUTION: This e-mail transmission and any attachments hereto contain information from Talon Law, LLC which is strictly confidential and/or privileged. This information is intended solely for the use of the addressee(s) named. This transmission may be subject to the attorney/client privilege, or be attorney work product. If you are not the designated recipient, or an employee or agent authorized to deliver such transmittals to the designated recipient, you are hereby advised that any disclosure, copying, distribution or use of the contents of this electronic transmission is strictly prohibited. If you have received this transmission in error or are not the intended recipient, we respectfully request that you notify us immediately by replying to sender or by calling us so that we may take the necessary precautions in the future and hereby request that you delete the computer entry and we will arrange for the retrieval of the original documents, if any, at no cost to you.

**From:** Cass Casper <casp0066@hotmail.com>
**Sent:** December 6, 2018 5:31 PM
**To:** Cass Casper
**Subject:**