## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| HECTOR HERNANDEZ, *et al.,* | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 18-cv-7647 |
| | ) | |
| v. | ) | The Honorable Judge Franklin U. Valderramaa |
| | ) | |
| WILLIAM HELM, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFFS' OPPOSED MOTION TO STRIKE DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND TO REOPEN DISCOVERY IN LIGHT OF THE CITY'S NEW DISCLOSURES

NOW COME, Plaintiffs, by and through their undersigned counsel, Gianna Scatchell, Esq., Law Offices of Gianna Scatchell, Inc., and move this Honorable Court to strike Defendants' Motions for Summary Judgment and for an order reopening discovery for the limited purpose of taking additional discovery in light of Defendants' latest disclosures.

1. Plaintiffs have consulted with counsel for Defendants regarding this Motion on September 29, 2020 via email and confirm that Defendants oppose this Motion.

2. Discovery has been closed in this matter since in or about March 11, 2020. (Dkt. 120).

3. All Defendants filed Motions for Summary Judgment on June 2, 2020 (Dkts. 127-133) with Plaintiffs' Responses due on September 30, 2020 (Dkt. 141).

4. On September 22, 2020, over six (6) months after discovery ended and only a few days before Plaintiffs' Response to Defendants' Motions for Summary Judgment was due, Defendant City served on Plaintiffs' counsel additional discovery. This significant disclosure included over 100 pages of a December 19, 2019 OIG Report that identifies relevant and discoverable information related to its investigation into Defendants Kevin Martin and Bill Helm.

**5.** Specifically, Defendant City of Chicago's attorney stated in an email as follows:

"Counsel:

We have recently learned that the deliberative process objection we made regarding the OIG report back in January/February is no longer applicable to the portions of the report related to Kevin Martin, so we have attached the OIG report portions related to him, along with OIG interview summaries related to that part of the investigation. We reaffirm our deliberative process objection as to the remainder of the report as final decisions have not been made on those portions. We further object as irrelevant to the portions of the report that are not related to any claims or defenses in this matter. Our paralegal is uploading the relevant, non-deliberative process materials through the drop box today. Please let us know if you have difficulty accessing it, and we can try other ways to get the documents to you. (It is too large of a file to send via email).

Regards,

Jessica R. Durkin
Law Department-Employment Litigation
City of Chicago
30. N. LaSalle, Suite 1020
Chicago, IL 60602
jessica.durkin@cityofchicago.org"

**6.** After reviewing these previously non-disclosed materials, it appears that more discovery will need to be conducted, including of the OIG investigators, potentially of Kevin Martin (for a second time and limited to these disclosures), and potentially even others in the new disclosures yet to be determined.

**7.** Indeed, from a review of the discovery it appears that much of the investigation centered around the exact same issues in this lawsuit, and, therefore, further discovery could uncover prior statements of Kevin Martin and other witnesses that are directly relevant to the claims and defenses in this case, as well as to credibility of both of the Defendants.

Because the allegations in the OIG investigation overlay those in this lawsuit, this is particularly important discovery to prove Plaintiffs' case.

8. The lateness of such disclosures is not causally linked to any act or omission by Plaintiffs because Plaintiffs previously requested this information well before the close of discovery, but were ultimately denied by the City's assertion of legislative privilege.

9. As such, Plaintiffs did not have previous access to this information as the City asserted deliberative process privilege over same and the invocation of such privilege – at least at that time and before these disclosures – appeared to be legally sound.

10. Because the City originally asserted privilege over these documents and withheld them, it should not now be in a position to complain that Plaintiffs seek to strike their Motions for Summary Judgment and for leave to take additional discovery based on these new disclosures.

11. Plaintiffs are not filing this Motion for dilatory purposes, and there will be minimal prejudice to Defendants who have already written their Summary Judgment briefs, and, presumably, would only have to supplement/modify them to deal with any new issues raised by this additional discovery. In addition, as noted, it was Defendants' choice to assert the privilege, and any prejudice or burden as a result falls on them for so doing.

12. While Plaintiffs have not completely ascertained how many additional depositions would need to be taken over the new discovery, it is estimated that it would be limited to four or five depositions.

13. In addition, Plaintiffs now assert that the entire OIG file must be produced but are continuing to assess the application of the deliberative process privilege in these circumstances and may file a motion after further research if appropriate.

14. "[A] district court enjoys broad discretion, within the Federal Rules of Civil Procedure, to determine the manner and course of discovery." *Fisher v. National R.R. Passenger Corp.*, 152 F.R.D. 145, 149 (S.D. Ind. 1993). A discovery deadline schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). *See also Flint v. City of Belvidere*, 791 F.3d 764, 768 (7th Cir. 2015) ("A decision to deny reopening discovery is reviewed for abuse of discretion."). "The decision whether to grant a motion to reopen discovery rests within the sound discretion of the district court." *Winters v. Fru–Con, Inc.,* 498 F.3d 734, 743 (7th Cir.2007) (citing *Raymond v. Ameritech Corp.,* 442 F.3d 600, 603 n. 2 (7th Cir.2006)); *see also Kalis v. Colgate–Palmolive Co.,* 231 F.3d 1049, 1056 (7th Cir.2000).

15. This OIG Report should have been disclosed as part of its Rule 26 obligations. <u>FRCP 26(a)(1)</u>. Federal Rule of Civil Procedure 26(a)(1)(A)(ii) requires a party to provide to the other party a copy or description "of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." Parties are required, at the outset of a case, to identify individuals who may have discoverable information and to produce documents that the disclosing party may use to support its claims or defenses. Parties have a continuing duty to supplement their disclosures. <u>FRCP 26(e)</u>.

16. Said OIG Reports have been in existence since on or about December 19, 2019, but only redacted portions were produced on the eve of Plaintiffs' deadline to respond to Defendants' Motions for Summary Judgment.

17. This late disclosure certainly prejudices the Plaintiffs who are unable to seek additional discovery about the assertions made in this OIG Report. As such, Defendants should not

benefit from its disclosure on the eve of Plaintiff's Response to Defendants' Motions for Summary Judgment.

18. Because the City's documentation is new and because Plaintiffs were precluded from reviewing such information due to the City's assertion of privilege, and because there is minimal burden to Defendants who may simply refile their summary judgment briefs with any necessary modifications after new and limited discovery, this Court should grant this Motion to Strike Defendants' Summary Judgment Motions (Dkts. 127-133) and reopen discovery limited to the new disclosures.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Honorable Court grant Plaintiffs' Motion to strike Defendants' Motions for Summary Judgment and to enter an order reopening discovery for the limited purpose of addressing Defendant City of Chicago's new disclosures.

Respectfully submitted,

*/s/ Gianna Scatchell*

_____
Plaintiffs' Attorney

Gianna Scatchell, Esq.
Law Offices of Gianna Scatchell
360 West Hubbard, 1404
Chicago, Illinois 60654
P: (312) 243-3303
E: gia@lawfirm.gs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 1, 2020, she served the accompanying Plaintiffs' Motion to Strike Defendants' Motions for Summary Judgment and to Reopen Discovery on counsel for all Defendants via email to the below addresses and by this Court's CM/ECF filing system, and that such counsels are registered e-filers.

Scott Crouch (scott.crouch@cityofchicago.org)
Jessica Durkin (jessica.durkin@cityofchicago.org)
James Fieweger (jpfieweger@michaelbest.com)
Abad Lopez (ALopez@dykema.com)
Christina C. Brunty (CBrunty@dykema.com)
Dawn M. Peacock (DPeacock@dykema.com)

*/s/ Gianna Scatchell*

_____
Plaintiffs' Attorney